UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Donald Courtney Biggs, | Case No. 24-cv-3672 (ECT/DJF) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| King, | |
| Respondent. | |

This matter is before the Court on Petitioner Donald Courtney Biggs's: (1) Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") (ECF No. 1); and (2) Motion to Expedite Proceedings and Suggested Briefing Schedule ("Motion to Expedite") (ECF No. 3). For the reasons explained below, the Court recommends that Mr. Biggs's Petition be denied and his Motion to Expedite be denied as moot.

In February 2018, Mr. Biggs pleaded guilty to one count of transporting an individual with intent to engage in criminal sexual conduct, in violation of 18 U.S.C. § 2423(a). (*See United States v. Biggs*, No. 15-CR-0225 (AA) (D. Ore. Feb. 22, 2018), Pet. to Enter Plea of Guilty at 1–2.) Later that year, United States District Judge Ann L. Aiken sentenced Mr. Biggs to 188 months of imprisonment. (*See United States v. Biggs*, No. 15-CR-0225 (AA) (D. Ore. Feb. 22, 2018), J. in a Criminal Case at 2.) Mr. Biggs is currently incarcerated at the Federal Correctional Institution in Sandstone, Minnesota ("FCI-Sandstone"). (ECF No. 1 at 1.)

Mr. Biggs's Petition alleges the federal Bureau of Prisons ("BOP") is holding him improperly "past [his] [First Step Act] admitted transfer to prerelease custody date." (*Id.* at 6.) He claims that under 18 U.S.C. § 3632, authorities should have transferred him to prerelease custody in April 2024. (*Id.* at 8.) He asks the Court to order the BOP to "transfer [him] to a prerelease

custody location and out of carceral custody." (*Id.* at 11.) He also asks the Court to expedite its decision on the matter. (*See generally* ECF No. 3.)

The Court lacks jurisdiction to consider Mr. Biggs's Petition. His Petition invokes 28 U.S.C. § 2241, the federal habeas corpus statute. (*Id.* at 1.) But under that statute, "[t]he writ of habeas corpus shall not extend to a prisoner unless," as relevant here, "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Based on this language, the Eighth Circuit has consistently held that a habeas claim is cognizable only if it challenges the fact or duration of a prisoner's confinement. *See Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014) (quoting *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam)); *see also, e.g.*, *Williamson v. Eischen*, No. 23-CV-2165 (ECT/DLM), 2024 WL 4151497, at *3 (D. Minn. Aug. 12, 2024) (same, citing *Spencer* and *Kruger*), *report and recommendation adopted*, 2024 WL 4151331 (D. Minn. Sept. 11, 2024).

Mr. Bigg's Petition does not challenge the fact or duration of his confinement. (*See* ECF No. 1.) Rather, he asks the Court to alter the duration of his stay at FCI-Sandstone by moving him to prelease custody. (*Id.* at 11.) But it is well established that prerelease custody, including home confinement, does not *end* one's custody—it merely changes its location. *See, e.g.*, *Gallop v. Segal*, No. 24-CV-1357 (JWB/DTS), 2024 WL 2946249, at *2 (D. Minn. May 14, 2024) (holding prisoner seeking move to prerelease custody "is not challenging the fact or duration of her confinement; rather, she is challenging the *appropriate place* of her confinement" (citing cases) (italics in original)), *report and recommendation adopted*, 2024 WL 2943796 (D. Minn. June 11, 2024); *Jorgensen v. Birkholz*, No. 20-CV-2349 (NEB/DTS), 2021 WL 2935641, at *2 (D. Minn. July 13, 2021) ("Home confinement is a place of imprisonment." (citing *Miller v. Whitehead*, 527 F.3d 752, 755 n.3 (8th Cir. 2008))).

Because Mr. Biggs's Petition challenges the conditions of his confinement rather than the fact or duration of his custody, it falls outside the scope of habeas relief. *See, e.g.*, *Spencer*, 774 F.3d at 470; *Cottman v. Fikes*, No. 21-CV-2393 (SRN/TNL), 2023 WL 2482878, at *6 (D. Minn. Feb. 21, 2023) (citing cases, including *Spencer*), *report and recommendation adopted*, 2023 WL 2482879 (D. Minn. Mar. 13, 2023). Although the Court may, under appropriate circumstances, reinterpret a *pro se* litigant's claim under a more suitable procedural vehicle, *see, e.g.*, *Spencer*, 774 F.3d at 471, doing so here would not benefit Mr. Biggs. Indeed, if Mr. Biggs had brought this case as a standard, non-habeas civil matter, he would have had to first exhaust his administrative remedies. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner … until such administrative remedies as are available are exhausted"). The template form Mr. Biggs used to prepare his Petition specifically asked about his efforts to exhaust administrative remedies. (ECF No. 1 at 2-4.) Mr. Biggs did not respond to those questions, suggesting he has not attempted to use the BOP's administrative process. (*See id.*) Moreover, if Mr. Biggs had initiated this matter as a standard civil lawsuit, he would owe a $350.00 filing fee (regardless of whether he qualifies for *in forma pauperis* status). *See* 28 U.S.C. § 1915(b). These factors suggest that if the Court were to reinterpret this action as a standard civil suit, it would cost Biggs $350.00 for litigation that would likely be dismissed for failure to exhaust his administrative remedies. The Court therefore recommends that this matter *not* be reinterpreted as a standard civil suit.

Accordingly, the Court recommends that Mr. Biggs's Petition be denied, this matter not be reinterpreted as a standard civil lawsuit, and Mr. Biggs's Motion to Expedite be denied as moot.

## RECOMMENDATION

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner Donald Courtney Biggs's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) be **DENIED**;

2. The Court not reinterpret this matter as a standard civil lawsuit;

3. Mr. Biggs's Motion to Expedite Proceedings and Suggested Briefing Schedule (ECF No. 3) be **DENIED** as moot; and

4. This action be **DISMISSED**.

Dated: October 11, 2024                    *s/ Dulce J. Foster*
                                           DULCE J. FOSTER
                                           United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).